Wayne Highlands School District, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued October 15, 1984, before Judge WILLIAMS, JR. and MACPHAIL and Senior Judge BARBIERI, sitting as a panel of three.

*Paul L. Stevens,* with him, *Lee Krause, Curtin and Heefner,* for petitioner.

*Phillip A. Ayers,* Counsel, with him, *John A. Alzamora,* Senior Counsel, for respondent.

*Leonard Rieser,* for intervenors, James Barton, et al.

MEMORANDUM OPINION BY JUDGE BARBIERI, January 14, 1985:

Petitioner, Wayne Highlands School District (District), seeks here review of an adjudication by Respondent, the Pennsylvania Department of Education (Department), requiring the District to admit thirteen (13) ninth-grade students (Intervenors), all of whom are District residents, to the District's high school and provide them with transportation thereto, for the 1983-84 school year.

Intervenors reside in the northern portion of the Wayne Highlands School District. In the past, most students of high school age from this area of the District have been assigned to the Hancock High School, a public secondary school located in Hancock, New York. Hancock High School accepts these students in exchange for payment from the District. Students residing in other portions of the District have traditionally been assigned to Honesdale High School, the District's own school. On August 24, 1983, the Department of Education issued an order in favor of Intervenors' right to attend Honesdale High School. Petitioner subsequently filed a Petition for Review and an Application for Stay/Supersedeas Pending

Action on the Petition for Review. On September 1, 1983, Judge WILSON BUCHER denied the Application for Stay/Supersedeas.

Section 1301 of the Public School Code of 1949,[1] provides, in pertinent part: "Every child, being a resident of any school district, between the ages of six (6) and twenty-one (21) years, *may attend the public schools in his district,* subject to the provisions of this act. . . ." (Emphasis added.) Section 1315,[2] which governs assignment of students to a school in another state, provides:

> Where any child of school age in any school district resides one and one-half miles or more by the nearest traveled road from the nearest public elementary school or three miles or more from the nearest high school in the district, such child unless proper free transportation is furnished to a suitable school in this Commonwealth may *on the request of his parents or legal guardian* be assigned by the board of school directors to a more convenient school in another state . . . (Emphasis added.)

Under Section 1315, then, a student can be reassigned out of state only on the request of his parents or his legal guardian. No such request has taken place in the present case.

Petitioner argues that, under State Board of Education Order No. 64-2 (1966), the Wayne Highlands School District has sole discretion over the assignment of students residing within the District to attend school in New York. In that order, the Board stated, in pertinent part: "[A]ny decision as to whether the practice of utilizing New York Schools

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. 13-1301.
[2] 24 P.S. 13-1315.

to educate the children of Northern Wayne shall be continued does not lie within the authority of the State Board of Education." Petitioner, citing 22 Pa. Code §1.3, contends that Order No. 64-2 binds the Department of Education. 22 Pa. Code §1.3 provides:

(a) The regulations of this part (22 Pa. Code, Part I) are binding upon the Department when administering the education programs of the Commonwealth.

(b) The Department may issue rules and directives to carry out the regulations of this part.

Order No. 64-2, however, is not a regulation and does not appear in Part I of 22 Pa. Code. Moreover, the language relied upon is no more than a disclaimer and cannot be interpreted as Petitioner urges, particularly since that interpretation would result in reading Order No. 64-2 as in conflict with Section 1315 of the Public School Code of 1949. Furthermore, 22 Pa. Code §11.11, which is binding on the Department of Education, provides that "[e]very child of school age residing in a school district shall be entitled to attend the district's public schools established by the board of school directors." In light of the unambiguous statutory and regulatory provisions which we have noted, we agree with the Department's ruling that Intervenors must be permitted to attend Honesdale High School.

Petitioner also argues that students in the northern portion of the District have traditionally been assigned to attend school in New York and that this practice reduces transportation costs. These concerns, however, cannot override the plain language of Section 1315 of the Public School Code of 1949.

Accordingly, we will affirm the Department's adjudication.

### Order

And Now, January 14, 1985, the adjudication of the Pennsylvania Department of Education dated August 24, 1983, is hereby affirmed.

Judge Rogers did not participate in this decision.